UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   5:24-cv-02571-JWH-MAA                          Date: February 19, 2025

Title   Nicholas Medelez v. J. Doerer


Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

|                Cindy Delgado                |                    N/A                    |
| :-----------------------------------------: | :---------------------------------------: |
|                 Deputy Clerk                |          Court Reporter / Recorder        |

|     Attorneys Present for Plaintiff:     |     Attorneys Present for Defendants:     |
| :--------------------------------------: | :---------------------------------------: |
|                   N/A                    |                    N/A                    |

**Proceedings (In Chambers):**          **Order to Show Cause re: Construing Complaint as Suing Defendants in Individual Capacities Only**

On November 18, 2024, Plaintiff Nicholas Medelez ("Plaintiff"), a federal prisoner proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). (Compl., ECF No. 1.) On January 28, 2025, the district judge assigned to the case granted Plaintiff's Request to Proceed Without Prepayment of Filing Fees. (ECF Nos. 4–6, 8.)

The Court is required to conduct a preliminary screening of any civil action brought by a prisoner and to dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C § 1915(e)(2)(B). The Court has screened the Complaint and determined that the claims are sufficiently stated to survive the screening process required by 28 U.S.C. § 1915A(b) and 28 U.S.C § 1915(e)(2)(B) as brought against the defendants *in their individual capacities only*. The Complaint states that all but one defendant are sued in their individual capacities. (Compl. 3–4.) As to the remaining defendant, Dr. Peikar, a facility doctor at FCI Victorville Med. II, the Complaint leaves blank the box to check indicating whether this individual is sued in his individual or official capacity or both capacities. (*Id*. at 4.)

In light of the Complaint seeking to hold the other defendants in their individual capacities only, the Court is inclined to construe the Complaint as suing Dr. Peikar in his individual capacity only as well. However, the Court issues this Order to provide Plaintiff with the opportunity to clarify the capacity or capacities in which he seeks to sue Dr. Peikar. Plaintiff is cautioned that if he intended to sue Dr. Peikar in his official capacity, such a claim would fail because "a *Bivens* suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007); *see Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1984) ("*Bivens* does not provide a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   5:24-cv-02571-JWH-MAA                              Date: February 19, 2025

Title    Nicholas Medelez v. J. Doerer

means of cutting through the sovereign immunity of the United States itself.").  Accordingly, if
Plaintiff brought an official capacity claim against Dr. Peikar based on the facts presented in the
Complaint, the Court would issue an order dismissing the Complaint with leave to amend to correct
that deficiency.

Based on the foregoing, the Plaintiff is **ORDERED TO SHOW CAUSE** in writing by no
later than **March 21, 2025** why the Court should not construe the Complaint as suing Dr. Peikar in
his individual capacity only.  If Plaintiff does not respond to this Order to Show Cause by March 21,
2025, the Court will deem the Complaint to sue Dr. Peikar in his individual capacity only and order
the Complaint to be served on defendants in their individual capacities only.

It is so ordered.